strongly against appellee, appellee has failed to demonstrate that a genuine issue of material fact no longer remains as to the first and second requirement in the *Paramount* test. It follows that the trial court erred in granting summary judgment in favor of appellee.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 15, 1994.

*Groover & Childs, Denmark Groover, Jr., Chris G. Nicholson,* for appellants.

*Paul H. Dunbar III, Ziva P. Bruckner,* for appellees.

S94Y1749, S94Y1751, S94Y1752. IN THE MATTER OF CURTIS G. SHOEMAKER.
(449 SE2d 291)

PER CURIAM.

The State Bar of Georgia filed three separate disciplinary actions against Curtis G. Shoemaker, alleging, in summary, that he violated Standards 4 (engaging in professional conduct involving dishonesty, fraud, etc.), 22 and 23 (failing to follow requirements regarding withdrawing from employment), 44 (abandoning a legal matter), 45 (knowingly making a false statement of law or fact), and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d). The actions were based upon three client grievances which generally alleged that Shoemaker, after being hired to pursue a legal matter, failed to pursue the matter, made false statements regarding the status of the case, and, in two instances, failed to return the unearned portion of attorney fees and the files to the client. Shoemaker failed to timely respond to the allegations.

After the State Bar filed motions for default, the special master granted the motions. Shoemaker then filed motions to open the default. After holding a default hearing on each disciplinary action, the special master found that Shoemaker did not show excusable neglect for failing to respond to the complaint. The special master denied Shoemaker's motion and recommended that he receive appropriate discipline. The review panel recommends that Shoemaker receive a two-year suspension on each matter, to run concurrently, and be required to refund the attorney fees to his clients.

Upon consideration of the record in this case, this Court hereby accepts the recommendation of the review panel. It is therefore the order of this Court that Curtis G. Shoemaker is suspended from the practice of law for a period of two years and so long thereafter as he

has failed to refund Betty Gasaway the amount of $500 and Joyce Cooper the amount of $200. Shoemaker is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Suspended. All the Justices concur.*

DECIDED OCTOBER 11, 1994 —
RECONSIDERATION DENIED NOVEMBER 21, 1994.

*William P. Smith III, General Counsel State Bar, Kathryn B. Singer, Assistant General Counsel State Bar,* for State Bar of Georgia.

S94G0356. MARTIN et al. v. HOSPITAL AUTHORITY
OF CLARKE COUNTY.
(449 SE2d 827)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals in *Hosp. Auth. of Clarke County v. Martin*, 210 Ga. App. 893 (438 SE2d 103) (1993) to review that court's majority opinion that under our holding in *MARTA v. Boswell*, 261 Ga. 427 (405 SE2d 869) (1991), the Hospital Authority, as a governmental entity, is not liable for punitive damages.[1] We affirm.

In *MARTA v. Boswell*, supra, we clearly and unequivocally held that MARTA could not be subjected to an award of punitive damages because such an award against a governmental entity would violate our state's public policy. In so holding, we adopted the rationale of the United States Supreme Court in *City of Newport v. Fact Concerts*, 453 U. S. 247 (101 SC 2748, 69 LE2d 616) (1981) that punitive damages are not appropriate against governmental entities because neither of the twin purposes behind punitive damages — punishment and deterrence — is served by an assessment of those damages against such entities. Since a governmental entity can have no malice

---

[1] In *Hosp. Auth. of Gwinnett County v. Jones*, 261 Ga. 613, n. 1 (409 SE2d 501) (1991), we noted, as we had in the previous appearance of that case, that the issue of whether punitive damages are appropriately awarded against a hospital authority had not been raised in that case. See also *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759, n. 1 (386 SE2d 120) (1989). Also, as noted by the Court of Appeals in this case, our case of *MARTA v. Binns*, 252 Ga. 289 (313 SE2d 104) (1984) is distinguishable because in that case MARTA was held liable for punitive damages not as a tortfeasor, but as a self-insurer liable for a bad faith refusal to pay no-fault benefits under OCGA § 33-34-6.